GWIN, District Judge, dissenting: I concur with the majority’s Fourth Amendment analysis. However, I believe we should remand this case for resentenc-ing. For that reason, I dissent in part. At sentencing, the district court unnecessarily involved itself in plea negotiations, in violation of Federal Rule of Criminal Procedure 11(c)(1). The district judge essentially engaged the defendant in a trade. If the defendant waived the defendant’s objection to restitution, the district court would award a third level for acceptance of responsibility under § 3El.l(b). Although the government had earlier moved the court for a full three-level Guidelines reduction for acceptance of responsibility, the district judge refused the government’s motion unless Wolff withdrew his objection to restitution. Thereafter, in exchange for Wolffs agreement not to challenge a restitution order, the district judge gave Wolff the full three-level acceptance of responsibility reduction,[1] Functionally, Wolffs Guidelines recommended incarceration shifted downward in exchange for Wolffs agreement not to challenge $6,000 in restitution. Additionally, I believe that the district judge failed to adequately address Wolffs arguments regarding reasons to vary from the Guidelines under Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Both the Supreme Court and the Ninth Circuit have held that “when a party raises a specific, non-frivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should ... explain why he accepts or rejects the party’s position.” United States v. Carty, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc) (citing Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)). While the district judge here did provide a number of reasons for why he imposed the sentence he chose, he did not “go further and explain why he ... rejected” Wolffs nonfrivolous argument. See Rita, 551 U.S. at 357, 127 S.Ct. 2456. I respectfully dissent in part. . Transcript of Sentencing Hearing at 6 ("The Court: ‘So—we’re, clear ... Mr. Wolff will pay the restitution to the three victims in the amounts specified in the presentence report and not challenge that order on appeal; is that right?' [Defense Attorney] Hansen: ‘So waived.’ The Court: 'Okay. All right. I will grant, then, the additional level of reduction on the government’s motion.’ ”).